John B. O'Connell, Junior, & others *vs.* School Committee of Gloucester & another.

Essex. May 6, 1959. — June 5, 1959.

Present: Wilkins, C.J., Ronan, Spalding, Counihan, & Whittemore, JJ.

*School and School Committee. Municipal Corporations,* Employees. *Gloucester.*

In Gloucester, operating under a Plan E charter, the power of establishing the working hours of janitors of the public school buildings is vested exclusively in the school committee by G. L. c. 43, §§ 32, 33, and an ordinance enacted by the city council establishing the working hours of all employees in the "labor service" of the city is inapplicable to such janitors.

Bill in equity, filed in the Superior Court on July 1, 1958.

The suit was heard by *Murray,* J.

*Merrill B. Nearis,* for the plaintiffs.

*James H. Bagshaw,* for the defendants.

Spalding, J. This is a bill for declaratory relief brought by three janitors employed in the public schools of the city of Gloucester in behalf of themselves and as a committee representing other employees doing similar work. The plaintiffs sought a declaration that certain ordinances enacted by the city council of the city are applicable to them and entitle them to the benefits of a forty hour week and time and one half pay for overtime. The case was heard on a statement of agreed facts.

The ordinances in question are §§ 2–20 and 2–21, c. 2, art. III, div. 1, of the Revised Ordinances of the city of Gloucester (1954), and were enacted by the city council in 1946. In substance they establish a five day, forty hour work week for all the employees in the "labor service . . . of the city, including foremen." There was a provision for

time and one half pay for such employees "performing work . . . between the regular closing hour . . . on Friday and the commencement of work . . . on Monday . . . ."

It appears that all custodial personnel are now required to work a forty-four hour week while school is in session and that janitors in coal fired buildings must work "greatly in excess of the forty-four hour work week." It also appears that the custodial staff has made numerous demands on the school committee to establish a forty hour week for them since the 1946 ordinances were passed, and that the school committee has consistently refused to accede to these demands.

The judge ordered the entry of a final decree declaring that the 1946 ordinances do not apply to the plaintiffs and that the Gloucester school committee at all times since the effective date of the ordinances has had exclusive jurisdiction to fix the hours of employment and the compensation of the plaintiffs. The plaintiffs appealed.

The question is whether the city council had the power to prescribe hours of employment for the plaintiffs and the group represented by them.

Section 68 of G. L. c. 71 provides among other things that the "school committee, unless the town otherwise directs, shall have general charge and superintendence of the schoolhouses, [and] shall keep them in good order . . . ." Prior to 1954 the city of Gloucester was governed by a special charter. St. 1908, c. 611. Section 22 as amended by St. 1924, c. 464, which was accepted by the voters of the city of Gloucester, provides in part that "The school committee shall make all repairs of school buildings and shall have control of all such buildings and grounds connected therewith." In *Ring* v. *Woburn,* 311 Mass. 679, 687–688, this court in construing G. L. c. 71, § 68, held that the duty to maintain schoolhouses imposed upon school committees included by necessary implication the power to employ janitors and custodians. It was further held that the city was required by G. L. c. 71, § 34, to provide money for janitors' salaries in the amounts fixed by the school com-

mittee. See *Hayes* v. *Brockton*, 313 Mass. 641, 646–647. We are of opinion that the control given by these statutes to the school committee over the school buildings and grounds and the duty to keep the buildings in good order coupled with the committee's power to employ and fix the compensation of those employed in this work included the power to fix their hours of employment. And we have no doubt that the committee's power in this respect is exclusive. Were it otherwise the powers and duties conferred upon the committee could not be effectively exercised.

Since 1954 the city of Gloucester has operated under a Plan E charter. See G. L. c. 43, §§ 1–45, 93–116. The terms of a charter of this sort define the power of the school committee over the terms of employment of custodial personnel in even more explicit terms than does the earlier legislation discussed above. Section 33 of G. L. c. 43 provides that the school committee shall have control of all school buildings and grounds. And § 32 of that chapter provides that the school committee may ". . . appoint, suspend or remove at pleasure such subordinate officers or assistants, including janitors of school buildings, as it may deem necessary for the proper discharge of its duties and the conduct of its business; *it shall define their terms of service and their duties, and shall fix their compensation*" (emphasis supplied). We are of opinion that this very broad and comprehensive grant of power over the terms of employment of school personnel gave to the school committee the exclusive power to establish the working hours of such personnel.

The final decree declaring that the provisions of the 1946 ordinances are not applicable to the plaintiffs and the class they represent was correct. The entry must be

*Decree affirmed.*